1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GEORGE VASQUEZ,

               Plaintiff,

     v.

WASHINGTON DEPARTMENT OF

VETERANS AFFAIRS,

               Defendant.

Case No. 3:23-cv-06178-TMC

ORDER ON MOTIONS TO DISMISS

## I.    INTRODUCTION AND BACKGROUND

      Pro se plaintiff George Vasquez—a veteran living with post-traumatic stress disorder

(PTSD)[1]—worked as an "IT service desk worker" with the Washington State Department of

Veterans Affairs (DVA) from May 16, 2022 until DVA terminated his employment on

November 14, 2022. Dkt. 7-1 at 2, 4. Mr. Vasquez alleges his supervisor did not allow him to

work the less stressful morning shift, ignored his complaints regarding a co-worker's bullying,

---

[1] Mr. Vasquez alleges that his service-connected disabilities also include: "depressive disorder, and cognitive disorder with memory loss (adjustment disorder, personality disorder, and residuals of stroke), residual pituitary tumor, tinnitus, lumbar strain, impairment of visual field." Dkt. 7-1 at 6.

was treated less favorably than younger co-workers, and was ultimately fired less than one week after making a request for a reasonable accommodation. *See id.* at 2–4.

Based on these allegations, Mr. Vasquez brings claims for discrimination and retaliation (for firing and creating a hostile work environment) under Title VII of the Civil Rights Act of 1964; failure to provide a reasonable accommodation under Section 501 of the Rehabilitation Act of 1973; discrimination under Section 501; creating a hostile work environment under the Rehabilitation Act; age discrimination under the Age Discrimination in Employment Act ("ADEA"); and national origin discrimination under Title VII.[2] *See id.* at 6–14. Additionally, Mr. Vasquez's complaint form alleges he is bringing claims under the Americans with Disabilities Act ("ADA"). Dkt. 7 at 8–9. Liberally construing the complaint, the Court assumes Mr. Vasquez is also bringing his disability-related claims under the ADA. For relief, he requests a permanent injunction precluding the DVA from engaging in further disability discrimination and money damages. *See id.* at 14–15.

The DVA has filed two motions to dismiss Mr. Vasquez's operative complaint. Dkt. 12, 16. The motions are fully briefed and ripe for the Court's consideration.

## II.    DISCUSSION

### A.    Legal Standards

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Rule 12(b)(6) motions may be based on either the lack of a

---

[2] Mr. Vasquez does not state in his complaint what statute he brings his national origin discrimination claim under, but, liberally construing the complaint, the Court assumes he is bringing it under Title VII. *See* 42 U.S.C. § 2000e-2 (prohibiting employment discrimination on the basis of " race, color, religion, sex, or national origin").

ORDER ON MOTIONS TO DISMISS - 2

cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citation omitted).

To survive a Rule 12(b)(6) motion, the complaint "does not need detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Boquist v. Courtney*, 32 F.4th 764, 773 (9th Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted).

The Court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). But the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

"In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The Court also "has a duty to construe *pro se* pleadings liberally," so "the allegations made in *pro se* complaints are held to a less stringent standard than those made in formal pleadings drafted by

professional attorneys." *Garavito v. JPMorgan Chase Bank, N.A.*, No. SACV 14-01612-DOC, 2015 WL 12683966, at *3 (C.D. Cal. Jan. 16, 2015) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)).

**B.     Analysis**

DVA has filed two motions to dismiss raising several grounds for the dismissal of Mr. Vasquez's claims. The Court considers each in turn.

*1.     Eleventh Amendment Immunity – ADA and ADEA Claims*

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The amendment "bars a citizen from bringing a suit against their own state in federal court." *Micomonaco v. Washington*, 45 F.3d 316, 319 (9th Cir. 1995) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)). "This immunity extends not just to suits in which the state itself is a named party but also to those against" state entities, such as agencies, that are considered "arm[s] of the [s]tate." *See Kohn v. State Bar of Cal.*, 87 F.4th 1021, 1026 (9th Cir. 2023) (en banc) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977)). As to states and state agencies, "[t]his jurisdictional bar applies regardless of the nature of the relief sought." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984), *superseded by statute on other grounds*.

A plaintiff can overcome the Eleventh Amendment bar, however, if the state has consented to waive its immunity or if Congress has abrogated the state's immunity. *Tron-Haukebo v. Wash. State DOT*, No. C23-5691JLR, 2023 WL 7183573, at *2 (W.D. Wash. Nov. 1, 2023) (citing *Micomonaco*, 45 F.3d at 319). In determining whether claims are barred by the Eleventh Amendment, each claim is examined separately. *See Pennhurst*, 465 U.S. at 121. "[A]n

ORDER ON MOTIONS TO DISMISS - 4

entity invoking Eleventh Amendment immunity bears the burden of asserting and proving those matters necessary to establish its defense." *Del Campo v. Kennedy*, 517 F.3d 1070, 1075 (9th Cir. 2008).

### a. Whether DVA is an "arm of the state"

When a state entity or "instrumentality"—such as a state agency—is sued (rather than the state itself), part of the Eleventh Amendment analysis is to consider whether the entity is an "arm of the state" such that it "may invoke the State's immunity." *See Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429–30 (1997); *Kohn*, 87 F.4th at 1026.[3]

The Ninth Circuit recently adopted a new test for making this determination, which considers: "(1) the [s]tate's intent as to the status of the entity, including the functions performed by the entity; (2) the [s]tate's control over the entity; and (3) the entity's overall effects on the state treasury." *Kohn*, 87 F.4th at 1030. There is no question that an executive agency like DVA is an arm of the state. *See* RCW 43.60A.020 (Washington statute creating a "department of state government to be known as the department of veterans affairs"). DVA is therefore entitled to the immunity normally accorded to the state of Washington.

### b. Whether DVA has waived its immunity or whether Congress has abrogated it for ADA or ADEA claims

The Court must then determine whether an exception to DVA's immunity exists—namely, whether the agency has waived its sovereign immunity or whether Congress has abrogated it for Mr. Vasquez's ADA and ADEA claims.

---

[3] DVA's contention that Mr. Vasquez concedes in his complaint that DVA is an "arm of the state" appears to be incorrect; no such concession appears in the cited portion of the complaint.

1
2
3

First, there is no indication that DVA has waived its sovereign immunity. Next, DVA is correct that Congress has not abrogated states' Eleventh Amendment immunity as to Mr. Vasquez's ADA and ADEA claims.

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18

Construing Mr. Vasquez's complaint liberally, because his claims allege discrimination and retaliation by his former employer, his claims arise under Title I of the ADA. *See Barker v. Riverside County Off. of Educ.*, 584 F.3d 821, 828 (9th Cir. 2009) ("We held in *Zimmerman* that the plaintiff's claim should have been brought under Title I of the ADA instead of under Title II, because the plaintiff claimed that his employer discriminated against him because he had a disability, and employment violations are protected under 'Title I: Employment.'" (citing *Zimmerman v. Oregon Dep't of Just.*, 170 F.3d 1169, 1178 (9th Cir. 1999)). The U.S. Supreme Court has held that Congress has not (validly) abrogated states' sovereign immunity for claims arising under Title I of the ADA. *Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 360 (2001); *see Hason v. Med. Bd. of Cal.*, 279 F.3d 1167, 1171 (9th Cir. 2002) (recognizing the above as being the holding in *Garrett*). DVA is therefore immune from Mr. Vasquez's ADA claims for monetary and injunctive relief. *See Dittman v. California*, 191 F.3d 1020, 1025–26 (9th Cir. 1999) ("In the absence of a waiver by the state or a valid congressional override, under the eleventh amendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court").[4] And Mr. Vasquez's ADEA claim fails for the

19
20
21
22
23
24

---

[4] Because Counts I and II of Mr. Vasquez's complaint—which he says are brought under Title VII—are predicated on disability discrimination, the Court construes these claims as also being brought under the ADA. The Court's holding in this section applies to all of Mr. Vasquez's ADA claims (Counts I–V). While Mr. Vasquez does not state whether he brings his ADA retaliation claims under Title I or Title V, the Ninth Circuit has held that sovereign immunity also applies "to claims brought under Title V of the ADA, at least where . . . the claims are predicated on alleged violations of Title I." *Demshki v. Monteith*, 255 F.3d 986, 988–89 (9th Cir. 2001). Since Mr. Vasquez's ADA retaliation claims are predicated on his employer denying him a reasonable accommodation, *see* Dkt. 7-1 at 6, 8, his ADA retaliation claim is "predicated" on an alleged

same reasons. *See Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 91 (2000) ("[I]n the ADEA, Congress did not validly abrogate the States' sovereign immunity to suits by private individuals."); *Dittman*, 191 F.3d at 1025–26.

       2.    *Rehabilitation Act Claims*

          *a.  Counts II and III*

       Mr. Vasquez asserts two claims specifically under Section 501 of the Rehabilitation Act. DVA argues that these claims must be dismissed because Section 501 only provides a cause of action for federal employees. DVA is correct. Section 501 "obligates federal employers to provide reasonable accommodation for the handicapped and to develop and implement affirmative action plans for handicapped employees," and provides the "exclusive remedy for handicap discrimination claims by federal employees." *Johnston v. Horne*, 875 F.2d 1415, 1418, 1420 (9th Cir. 1989), *overruled on other grounds by Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990); *see also Lopez v. Johnson*, 333 F.3d 959, 961 (9th Cir. 2003) ("Lopez can state a claim against the Secretary of the Navy under section 501 only if, as an employee of a private contractor working within Navy-controlled premises, he was a federal employee."). Thus, because Mr. Vasquez does not allege he was a federal employee when he experienced the discrimination and retaliation at issue, his claims are not cognizable under Section 501 of the Rehabilitation Act. *See King v. Cal. Dep't of Water Res.*, No. 2:17-cv-1257-MCE-EFB, 2018 WL 3474479, at *3 (E.D. Cal. July 19, 2018) (dismissing Section 501 claim because the plaintiff was a state rather than federal employee).

          *b.  Count IV*

---

violation of Title I. *See* 42 U.S.C. § 12112 (prohibiting, as a form of discrimination under Title I, "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an . . . employee").

Mr. Vasquez does not specify under which section of the Rehabilitation Act he brings his hostile work environment claim. *See* Dkt. 7-1 at 12–14. "States are subject to suit in federal court under section 504 of the Rehabilitation Act if they accept federal Rehabilitation Act funds." *Vinson v. Thomas,* 288 F.3d 1145, 1151 (9th Cir. 2002) . The Eleventh Amendment does not bar these claims when they are brought against states. *Id.* The Court liberally construes this claim as arising under Section 504 and declines to dismiss it for being brought against a state entity.[5]

### 3.    *Title VII Retaliation Claims*

Mr. Vasquez brings two retaliation claims under Title VII: one for his termination, *see* Dkt. 7-1 at 1–7, and one for creating a hostile work environment, *see id.* at 1–6, 8. Both claims appear to be predicated on disability discrimination and/or retaliation for his request for a reasonable accommodation. *See id.* at 6, 8 (explicitly incorporating allegations that only pertain to these bases for discrimination and retaliation). Neither claim is cognizable under Title VII. Title VII's anti-discrimination provision only proscribes discrimination on the basis of " race, color, religion, sex, or national origin," not disability, *see* 42 USCS § 2000e-2, and its anti-retaliation provision prohibits, in relevant part, retaliation against an employee for "oppos[ing] any practice made an unlawful employment practice by this subchapter," 42 U.S.C. § 2000e-3(a).

While the Ninth Circuit allows plaintiffs to bring retaliation claims for opposing "what they *reasonably perceive* as discrimination *under the Act*," even if they cannot "establish that the opposed conduct in fact violated the Act," the alleged opposition still must "fairly fall within the protection of Title VII." *Learned v. Bellevue*, 860 F.2d 928, 932 (9th Cir. 1988) (emphasis added). In *Learned*, the Ninth Circuit held that "opposition to what [the plaintiff] believed was discrimination based upon physical and mental limitations" did not meet this standard, since the

---

[5] DVA has not moved for dismissal of this claim on the merits.

plaintiff could not have reasonably believed he was opposing discrimination based on one of Title VII's protected classes. *See id.* The same result is required here. *See also Swinton v. Esper*, No. 18-cv-00381-LAB, 2020 WL 264582, at *6 (S.D. Cal. Jan. 17, 2020) (granting motion for summary judgment on Title VII retaliation claim predicated on "making disability-accommodation requests" because disability is not a protected class under the statute).[6]

Mr. Vasquez also alleges that his retaliation claims are based, in part, on retaliation for "EEO activity." *See* Dkt. 7-1 at 6, 8. A similar standard to that discussed above for "opposition" claims governs "participation" claims as well. *See Learned*, 860 F.2d at 932 (explaining that even though "it is not necessary to prove that the underlying discrimination in fact violated Title VII," the discrimination complained of in the administrative claim at issue still "must be reasonably perceived as discrimination prohibited by Title VII"). As with the "opposition" claim, the court in *Learned* found that the same underlying charge of discrimination could not be "reasonably perceived as discrimination" because the plaintiff "did not allege discrimination prohibited by Title VII." *Id.* Thus, Mr. Vasquez's "participation" claims must also be dismissed because his claims relate only to disability discrimination, and any administrative complaint based on these allegations could not be "reasonably perceived as" raising claims under Title VII.[7]

    4.    *Administrative Exhaustion – Title VII National Origin Claim*

      a.  *Extrinsic Evidence*

---

[6] To the extent these retaliation claims are meant to be based on opposition to national origin discrimination, those claims are dismissed because, as explained below, Mr. Vasquez did not exhaust administrative remedies as to national origin discrimination or retaliation based on opposition to such conduct.

[7] The Court need not decide whether Mr. Vasquez's retaliation claims are also subject to dismissal for failure to exhaust administrative remedies.

DVA also moves to dismiss Mr. Vasquez's Title VII national origin claim on the ground that he failed to exhaust this claim in his administrative case before the EEOC. The Court first considers whether it must convert DVA's motion to one for summary judgment to consider the administrative record of Mr. Vasquez's EEO claim attached to the second motion to dismiss.

Generally, a court's consideration of "matters outside the pleadings" requires converting a motion to dismiss to a motion for summary judgment. *See* Fed. R. Civ. P. 12. Under several exceptions to this rule, however, "[a] court may . . . consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Under the "incorporation by reference" exception, courts "treat[] certain documents as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018). "Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.* If the Court incorporates materials into the complaint by reference, it "may assume that [their] contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Ritchie*, 342 F.3d at 908.

An "extensive" reference "should, ordinarily at least, mean more than once," although "[i]n theory, a reference may be sufficiently 'extensive' if a single reference is relatively lengthy." *Khoja*, 899 F.3d at 1003. And a document "forms the basis of the plaintiff's claim" if: "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). DVA appears to argue the first element is met because Mr. Vasquez states in his complaint that he exhausted administrative remedies and that he was

subject to retaliation for protected EEO activities (including his filing of his discrimination claim). But these allegations do not actually refer to the documents DVA seeks to incorporate into Mr. Vasquez's complaint. Incorporation of these documents is therefore not appropriate.

As mentioned, however, the Court may also take judicial notice of the EEO record without converting DVA's motion.[8] Under this doctrine, "a court [may] notice an adjudicative fact if it is 'not subject to reasonable dispute.'" *Khoja*, 899 F.3d at 999 (quoting Fed. R. Evid. 201(b)). A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.* (quoting Fed. R. Evid. 201(b)(1)–(2)). Such sources may include "public records," such as "the records and reports of administrative bodies." *Ritchie*, 342 F.3d at 909. District courts commonly notice records of EEO proceedings under this rule. *See Arnold v. NASA*, No. 1:20-CV-01372-BAM, 2021 WL 5921618, at *2 (E.D. Cal. Dec. 15, 2021) (collecting cases). Here, Mr. Vasquez has not disputed the authenticity of the EEO charge submitted by DVA and its contents are not ambiguous or subject to reasonable dispute. *Cf. Khoja*, 899 F.3d at 1000 (holding that it was inappropriate for the district court to notice portions of a transcript that were subject to multiple reasonable interpretations and were therefore "subject to reasonable dispute"). The Court therefore takes judicial notice of the EEO documents submitted by DVA in support of its motion and declines to convert DVA's motion to a motion for summary judgment.

   b.   *Whether Mr. Vasquez Exhausted his Title VII National Origin Claim*

In considering exhaustion, the Court also bears in mind that Title VII's "charge-filing requirement" is not jurisdictional, but rather is an affirmative defense that the defendant must

---

[8] Although DVA does not request it, the Court can take judicial notice sua sponte. *Shahtout v. Cal. Psychcare, Inc.*, 562 F. Supp. 3d 913, 928 n. 86 (C.D. Cal. 2022) (citing Fed. R. Evid. 201).

plead and prove. *Fort Bend County v. Davis*, 587 U.S. 541, 550–52 (2019); *Kraus v. Presidio Tr. Facilities Division/Residential Mgmt. Branch*, 572 F.3d 1039, 1046 n.7 (9th Cir. 2009). "Plaintiffs ordinarily need not plead on the subject of an anticipated affirmative defense. When an affirmative defense is obvious on the face of a complaint, however, a defendant can raise that defense in a motion to dismiss." *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013). Consequently, a motion to dismiss based on a failure-to-exhaust defense should only be granted if "the defense is 'clearly indicated' and 'appear[s] on the face of the pleading.'" *Harris v. Amgen, Inc.*, 717 F.3d 1042, 1060 (9th Cir. 2013) (first citing 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d ed. 2004); then citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

To exhaust administrative remedies for a Title VII claim, "a complainant must first file a charge with the Equal Employment Opportunity Commission." *Fort Bend*, 587 U.S. at 543. "Allegations of discrimination not included in the plaintiff's administrative charge may not be considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the EEOC charge." *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002) (internal quotation marks omitted); s*ee also Vasquez v. City of Los Angeles*, 349 F.3d 634, 644 (9th Cir. 2003) (holding that a plaintiff may file suit over claims "that could reasonably be expected to grow out of the charge"); *Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 636 (9th Cir. 2002) ("We consider [a] plaintiff's civil claims to be reasonably related to allegations in the charge to the extent that those claims are consistent with the plaintiff's original theory of the case."). "The substance of the administrative charge, rather than its label, is the concern of Title VII. The charge must at least describe the facts and legal theory with sufficient clarity to notify the agency that employment discrimination is claimed." *Ong v. Cleland*, 642 F.2d 316, 319 (9th Cir. 1981). To determine whether a claim within a charge is

exhausted, courts "consider such factors as the alleged basis of the discrimination, dates of discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations at which discrimination is alleged to have occurred." *Freeman*, 291 F.3d at 636. "The crucial element of a charge of discrimination is the factual statement contained therein." *Id.*

DVA correctly notes that "the notice of charge, and the resulting EEOC investigation process, focused solely on issues of disability discrimination and disability-based retaliation under the ADA." Dkt. 16 at 5 (citing Dkt. 16-1 at 2). Mr. Vasquez's charge reads, in full:

> I began working for Washington State Department of Veterans Affairs, hereinafter Respondent, on or about April 16, 2022, as a Service Desk Technician. During my employment I performed the duties of my position in a satisfactory manner. On or about November 8, 2022, I requested a reasonable accommodation for a disability. On or about November 14, 2022, I was discharged without any warning. I believe I have been discriminated against and retaliated against for engaging in protected activity in violation of the Americans with Disabilities Act of 1990, as amended.

Dkt. 16-1 at 2. DVA argues that Mr. Vasquez has not properly exhausted his Title VII national origin discrimination claim. The Court agrees; the charge does not state or imply that Mr. Vasquez was treated "less favorably" because of his national origin. *See Int'l Bd. of Teamsters v. United States*, 431 U.S. 324, 335 n.15 (1977) (defining disparate treatment). Because it is "clear" that Mr. Vasquez failed to exhaust administrative remedies as to his Title VII national origin claim, DVA's motion is granted as to this claim.

### 5. *Prejudice and Leave to Amend*

The Court next considers whether the claims dismissed in this order should be dismissed with or without prejudice or with leave to amend, or, put differently, whether Mr. Vasquez may re-file the dismissed claims in a different lawsuit (prejudice) or attempt to cure the deficiencies in his claims in a subsequent amended complaint in this case (leave to amend).

"Leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts, and should be granted more liberally to pro se plaintiffs." *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003). "A district court, however, does not abuse its discretion in denying leave to amend where amendment would be futile." *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002).

First, as courts have held in similar cases, the Court finds that it would be futile to grant leave to amend with respect to Mr. Vasquez's claims that are barred by sovereign immunity. *See, e.g.*, *Clift v. United States IRS*, NO. C16-5116 BHS, 2016 WL 3597780, at *2 (W.D. Wash. July 5, 2016). While "[o]rdinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court," district courts may dismiss such claims with prejudice where "the bar of sovereign immunity is absolute," meaning "no other court has the power to hear the case" and the plaintiff could not "redraft their claims to avoid" the bar. *See Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988). Accordingly, Mr. Vasquez's ADA and ADEA claims are dismissed with prejudice and without leave to amend.

Next, because Mr. Vasquez's Section 501 Rehabilitation Act claims are not cognizable under the statute, based on his own allegations of being a state, not a federal employee, the Court dismisses these claims with prejudice and without leave to amend. *Cf. Ovation Toys Co. v. Only Hearts Club*, 675 F. App'x 721, 724 (9th Cir. 2017) (district court erred in dismissing claims with prejudice and without leave to amend where there remained a possibility the plaintiff's claims could have been cured by amendment).

Mr. Vasquez's Title VII retaliation claims are similarly dismissed with prejudice and without leave to amend, since his claims are not based on opposition to activity prohibited by Title VII.

Finally, Mr. Vasquez's Title VII national origin discrimination claim is dismissed without leave to amend, as the Court has considered all relevant evidence and determined that the claim was not properly exhausted. However, the Court will dismiss this claim without prejudice. *See Terrell v. Brewer*, 935 F.2d 1015, 1019 (9th Cir. 1991) (explaining that, because failure to exhaust administrative remedies is not jurisdictional, "[t]he proper remedy is dismissal without prejudice"). Should Mr. Vasquez seek any equitable tolling of his time to amend his administrative complaint, those arguments "must first be presented to the administrative agency." *Thompson v. Permanente Med. Group, Inc.*, No. 12-cv-01301-JST, 2013 WL 1808897, at *5 (N.D. Cal. Apr. 29, 2013) (citing *Ross v. United States Postal Service,* 696 F.2d 720, 722 (9th Cir. 1983)).

### III.    CONCLUSION

For the above reasons, the Court GRANTS IN PART and DENIES IN PART Defendant DVA's motions to dismiss (Dkt. 12, 16) as follows:

- Mr. Vasquez's ADA and ADEA claims are dismissed with prejudice and without leave to amend;

- His Section 501 Rehabilitation Act claims are dismissed with prejudice and without leave to amend;

- The Court construes his hostile work environment Rehabilitation Act claim as arising under Section 504 of the Act and declines to dismiss it;

- His Title VII retaliation claims are dismissed with prejudice and without leave to amend; and

- His Title VII national origin discrimination claim is dismissed without prejudice and without leave to amend.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 22nd day of August, 2024.

Tiffany M. Cartwright
United States District Judge

ORDER ON MOTIONS TO DISMISS - 16